**YU XIAN ZHU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

No. 07–1369–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Carl H. McIntyre, Jr., Assistant Director, Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Yu Xian Zhu, a native and citizen of the People's Republic of China, seeks review of a March 14, 2007 order of the BIA denying her motion to reopen deportation proceedings. *In re Yu Xian Zhu,* No. A73 615 324 (B.I.A. Mar. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen her case, but must generally do so within 90 days of the entry of the final decision in the underly-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

ing proceeding. However, the 90–day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS,* 452 F.3d 154 (2d Cir. 2006). In order to prevail on such a claim, a motion to reopen should: (1) be supported by an affidavit setting forth the agreement that was entered into with prior counsel; (2) be submitted with proof that former counsel was informed of the allegations against him and given the opportunity to respond; and (3) reflect whether a complaint has been filed with appropriate disciplinary authorities. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005); *Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993) (per curiam) (citing *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988)). In addition, an individual seeking to reopen her case is required to show that she exercised "due diligence in pursuing the case during the period [she] seeks to toll." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Iavorski v. U.S.I.N.S.,* 232 F.3d 124, 134–35 (2d Cir. 2000).

Here, the BIA rejected Zhu's ineffective assistance of counsel claim, finding that she failed to comply with *Lozada* and that she failed to demonstrate that she exercised due diligence in pursuing her claim—both independent bases on which a motion to reopen may be denied. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). However, in her brief to this Court, Zhu fails to challenge the BIA's due diligence finding, waiving any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because an individual claiming ineffective assistance of counsel "will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled," Zhu's waiver is fatal to her petition for review. *Cekic,* 435 F.3d at 170.

We note that even assuming that Zhu had been diligent, her argument that she substantially complied with *Lozada* because she submitted complaints to the disciplinary committee regarding her attorneys' ineffective assistance is unavailing. While she correctly asserts that only substantial compliance with the requirements of *Lozada* is required for a claim of ineffective assistance of counsel, her motion did not demonstrate such "substantial compliance." *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 142–43 (2d Cir.2007) (citing *Jian Yun Zheng v. U.S. Dep't. of Justice,* 409 F.3d 43, 47 (2d Cir.2005)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).